IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| WILLIAM JENKINS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 17 C 1462 |
| | ) |
| JAMES FUCHS, et al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM OPINION

SAMUEL DER-YEGHIAYAN, District Judge

This matter is before the court on Defendant Linda Ryan's (Ryan) motion to dismiss. For the reasons stated below, the motion to dismiss is denied.

## BACKGROUND

Plaintiff William Jenkins (Jenkins) was allegedly employed by Defendant Illinois Central Railroad Company (IC) and Defendant Canadian National Railway (CNR) (collectively referred to as CN). On February 13, 2015, Jenkins allegedly had a verbal altercation with James Fuchs (Fuchs), who was the CN Assistant Superintendent in Chicago. Fuchs allegedly indicated that he intended to see that Jenkins' employment was terminated. On February 10, 2016, Jenkins allegedly engaged in another verbal altercation with Ryan, who was a co-worker. A formal

1

CN investigation was allegedly initiated regarding the verbal altercation between Jenkins and Ryan. Fuchs allegedly conducted the investigation hearing (Hearing) and Ryan attended as a witness. Jenkins claims that Fuchs and Ryan conspired prior to the Hearing and agreed that Ryan would provide false testimony indicating that Jenkins had made racial slurs. In March 2016 CN allegedly terminated Jenkins' employment based on the investigation results. Jenkins also alleges that the transcript of the Hearing with the alleged false statements were disseminated to other parties. Jenkins includes in his second amended complaint a slander claim brought against Ryan (Count I), a civil conspiracy claim brought against Ryan and Fuchs (Count II), a respondeat superior claim brought against Defendant Renzenberger, Inc. (Count IV), respondeat superior claims brought against CNR and IC (Count IV), and negligent entrustment claims brought against CNR and IC (Count V). Ryan now moves to dismiss all claims brought against her.

**LEGAL STANDARD**

Federal Rule of Civil Procedure 12(b)(1) (Rule 12(b)(1)) requires a court to dismiss an action when it lacks subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1); *see also Ezekiel v. Michel*, 66 F.3d 894, 897 (7th Cir. 1995)(stating that when reviewing a motion to dismiss brought under Rule 12(b)(1), the court "must accept as true all well-pleaded factual allegations, and draw reasonable inferences in favor of the plaintiff"). When subject matter jurisdiction is not apparent on the face of the

complaint and is contested, "the district court may properly look beyond the jurisdictional allegations of the complaint . . . to determine whether in fact subject matter jurisdiction exists." *Sapperstein v. Hager*, 188 F.3d 852, 855-56 (7th Cir. 1999)(internal quotations omitted)(quoting *United Transportation Union v. Gateway Western Railway Co.*, 78 F.3d 1208, 1210 (7th Cir. 1996)). The burden of proof in regards to a Rule 12(b)(1) motion is on the party asserting that the court has subject matter jurisdiction. *Id.*

In ruling on a motion to dismiss brought pursuant Federal Rule of Civil Procedure 12(b)(6) (Rule 12(b)(6)), the court must draw all reasonable inferences that favor the plaintiff, construe the allegations of the complaint in the light most favorable to the plaintiff, and accept as true all well-pleaded facts and allegations in the complaint. *Appert v. Morgan Stanley Dean Witter, Inc.*, 673 F.3d 609, 622 (7th Cir. 2012); *Thompson v. Ill. Dep't of Prof'l Regulation*, 300 F.3d 750, 753 (7th Cir. 2002). A plaintiff is required to include allegations in the complaint that "plausibly suggest that the plaintiff has a right to relief, raising that possibility above a 'speculative level'" and "if they do not, the plaintiff pleads itself out of court." *E.E.O.C. v. Concentra Health Services, Inc.*, 496 F.3d 773, 776 (7th Cir. 2007)(quoting in part *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1965 (2007)); *see also Morgan Stanley Dean Witter, Inc.*, 673 F.3d at 622 (stating that "[t]o survive a motion to dismiss, the complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face," and that "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to

3

draw the reasonable inference that the defendant is liable for the misconduct alleged")(quoting *Ashcroft v. Iqbal*, 556 U.S. 662 (2009))(internal quotations omitted).

**DISCUSSION**

Ryan argues that Jenkins has failed to show that this court has subject matter jurisdiction in this matter. Ryan also argues that Jenkins has failed to allege sufficient facts to state a valid defamation or conspiracy claim.

I. Subject Matter Jurisdiction

Ryan argues that Jenkins is relying upon diversity subject matter jurisdiction and that Jenkins has not shown that there is a diversity of citizenship. A district court has diversity jurisdiction in "civil actions . . . between . . . citizens of different States. . . ." 28 U.S.C. § 1332(a)(1). Ryan argues that Jenkins has failed to establish a diversity of citizenship because Ryan presented his jurisdictional allegations with the phrase on "information and belief." The mere fact that Jenkins couched his jurisdictional allegations in such terms does not mean that they are deficient. It is true that it is a plaintiff's burden to show the court that a court has subject matter jurisdiction, but there is no rule that mandates how to present jurisdictional allegations. Jurisdiction is a matter that is made based upon evidence rather than based on a hyper-technical evaluation of jurisdictional allegations in a pleading. Many *pro se* complaints, for example, contain no jurisdictional section in them. Yet

4

the court may still have subject matter jurisdiction in such cases.

In this case, Jenkins is not vague or evasive in terms of the parties' citizenship. Nor does Jenkins rely upon information such as her residence, which is not dispositive in regard to citizenship. Jenkins specifically alleges that she is a "citizen of the State of Georgia." (SA Compl. Par. 1). Jenkins has further indicated the potential states of citizenship of the Defendants and has indicated that none of the Defendants are citizens of Georgia. Such allegations are sufficient at this juncture to indicate diversity of citizenship. It is worth noting that Ryan herself has not come forth with any evidence that would show that any of Ryan's jurisdictional allegations are inaccurate or to show that this court does not have subject matter jurisdiction. It is also worth noting that none of the other Defendants in this case have contested subject matter jurisdiction. The court notes that the issue of subject matter jurisdiction can be raised in a proceeding at any time and Defendants are free to re-raise this issue in the future.

II. Sufficiency of Facts

Ryan argues that Jenkins has not pled sufficient facts to state a valid defamation or conspiracy claim. The court notes that although Jenkins has titled her claim as a slander claim, slander and libel causes of action under Illinois common law are now both evaluated as defamation claims. *Bryson v. News Am. Publications, Inc.*, 672 N.E.2d 1207, 1215 (Ill. 1996)(stating that "[a]t common law, libel and slander were analyzed under different sets of standards, with libel recognized as the

5

more serious wrong" and that "[l]ibel and slander are now treated alike and the same rules apply to a defamatory statement regardless of whether the statement is written or oral"). Ryan indicates that she is pursuing both defamation *per se* and defamation *per quod* claims. A plaintiff pursuing a defamation claim under Illinois law must establish: (1) that "the defendant made a false statement about the plaintiff," (2) that "the defendant made an unprivileged publication of that statement to a third party," and (3) that "the publication caused her damages." *Dobias v. Oak Park & River Forest High Sch. Dist. 200*, 57 N.E.3d 551, 562 (Ill. App. Ct. 2016).

In the instant action, Jenkins alleges that Ryan and Fuchs conspired against Jenkins by planning for Ryan to give false testimony at the Hearing. (SA Compl. Par. 11). Jenkins further alleges that Ryan in fact appeared at the Hearing and gave false testimony in regard to Jenkins. (SA Compl. Par. 12). Jenkins further alleges that the transcript of the Hearing was disseminated to at least one third party. (SA Compl. Par. 12). Jenkins further alleges that she was harmed by the dissemination of the transcript. (SA Compl. Par. 24). Such allegations are sufficient to state a defamation claim.

Ryan argues that Jenkins must plead special damages. Ryan, however, improperly relies upon Illinois state law to argue the pleading requirements in this case. (Reply 6). Although Illinois substantive law applies in this diversity case, it is the federal pleading standard that governs in the instant action. There are sufficient allegations to indicate that Jenkins plausibly could have suffered actual damages. Ryan argues that her alleged statements were not defamatory because they did not

6

lower Jenkins' reputation in the eyes of the community. To the contrary, false statements that a person made racial slurs on the job that could cause considerable damage to a person's reputation and could have significant consequences in that person's life.

Ryan's alleged statements could also fall within the scope of defamation *per se* because such statements "impute a person lacks ability or otherwise prejudices that person in her or his profession. . .." *Dobias*, 57 N.E.3d at 563. Ryan argues that the statements at the Hearing were wholly unrelated to Jenkins' ability or fitness to work as a train conductor. Claiming that a person uses racial slurs with co-workers at work indicates that such a person is not able to follow an employer's workplace policies. It is also plausible that a train conductor who uses racial slurs would be considered unfit for the position.

Ryan also attempts to argue that her conduct was privileged, but it is premature to present such a defense at this initial pleadings stage. Jenkins was not required to anticipate defenses in her complaint. In addition, there are exceptions to the privilege relied upon by Ryan. *Id.* at 573. It is thus premature to assess the merits of Ryan's defense.

Ryan further argues that Jenkins has not presented sufficient allegations to show a conspiracy. Ryan again, however, improperly relies upon Illinois state law for the pleading standard. (SA Compl. Par. 11). In her second amended complaint, Jenkins provides details concerning her interactions with Ryan and Fuchs. Jenkins then explains how Ryan and Fuchs allegedly conspired to frame Jenkins in the

7

Hearing with false testimony and obtain a disciplinary violation against Jenkins. Jenkins has alleged sufficient facts to suggest a conspiracy at this juncture. Based on the above, Ryan's motion to dismiss is denied.

## CONCLUSION

Based on the foregoing analysis, Ryan's motion to dismiss is denied.

_____
Samuel Der-Yeghiayan
United States District Court Judge

Dated: February 15, 2018